[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Endicott, New York on June 10, 1978. The plaintiff has resided continuously in this state for more than four years. There are two minor children, issue of the marriage. They are Michael, born November 6, 1985, and Julianne, born June 9, 1988. The evidence indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 41, enjoys good health. She holds a B.S. degree in elementary education. To acquire certification to teach in Connecticut, the plaintiff must complete a two year master's program, which she plans to do in the future.
The defendant, also age 41, indicates he has no serious health problems. He has a MBA degree from Wharton (University of Pennsylvania) and holds a responsible position with a management consulting firm.
The court finds that this is a case where each party must share some responsibility for the breakdown of the marital relationship. The court declines to assess fault to either party.
The court has carefully considered the criteria set forth in Connecticut General Statutes, §§ 46b-81, 46b-82, 46b-84 and 46b-62
in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The parties shall share joint legal custody of the minor children. The children shall reside with the plaintiff, and the CT Page 2210 defendant shall have rights of liberal and flexible visitation. If the parties can not agree on visitation issues, upon request, the court will hold a hearing and issue necessary orders. However, before the hearing is held, the court will appoint counsel for the children and request an investigation by the Family Services Unit.
2. The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of fifty-five hundred ($5,500.00) dollars per month. The payments shall commence April 1, 1996 and continue on the first day of each month until the death of either party, the plaintiff's remarriage or April 1, 2006, whichever event first occurs. The defendant shall continue to pay the pendente lite order as modified by the parties through March, 1996.
The defendant shall attempt to arrange through his employer the direct deposit of his monthly obligation into the plaintiff's checking account. If this cannot be accomplished, then a contingent wage withholding order may enter.
3. Pursuant to the agreement of the parties, the defendant shall deduct all unallocated alimony and child support payments which he has made to the plaintiff commencing September 12, 1994, when the parties submitted a stipulation with respect to pendente lite orders.
4. The plaintiff is awarded the following assets: her checking and savings accounts; her IRA Fidelity account; her Banker's Pension Services account; the proceeds due from the loss of the Volvo automobile in the sum of approximately fifteen hundred ($1,500.00) dollars.
5. The defendant is awarded the following assets: his checking and savings accounts; his IRA Rollover (Fidelity); his 1986 Mercedes automobile.
6. The defendant shall assign to the plaintiff by Qualified Domestic Relations Orders (QDROs) fifty (50%) percent of his interests valued as of the date of this judgment in the following: his IBM 401k pension and profit sharing plan; his IBM Retirement plan.
7. From the defendant's Gemini 401k and Profit-Sharing Plan, the defendant shall assign to the plaintiff by Qualified Domestic Relations Order (QDRO) the sum of ten thousand ($10,000.00) dollars. The defendant is awarded the entire balance of this plan. CT Page 2211 The court retains jurisdiction to modify all the QDROs ordered to comply with federal and state laws relating to retirement/pension plans.
8. There are three escrow accounts currently held by counsel of the parties. They total approximately forty three thousand ($43,000.00) dollars. From these accounts the following obligations shall be paid:
a. All debts listed on the defendant's financial affidavit dated March 13, 1996 with the exception of legal fees and capital gains tax for an approximate total of $25,285.00.
b. The following debts from the plaintiff's financial affidavit dated March 13, 1996:
 Sears $1,000.00 Fahey Plumbing 159.00 Service (if not included in defendant's debt schedule) 78.00 Mulreed Refuse 253.00 Wilton Electric 226.00 Enterprise car rental 65.00 1,780.00 --------- --------- Total $27,065.00 ----------
After payment of the debts listed above, the balance remaining in the escrow accounts shall be equally divided between the parties.
9. The plaintiff shall be solely responsible for the payment of the remaining debts listed on her financial affidavit as well as fifty (50%) percent of the capital gains arising from the sale of the marital homes.
10. The defendant shall be solely responsible for the payment of his own counsel fees and for fifty (50%) percent of the capital gains resulting from the sale of the marital homes.
11. The parties shall attempt to divide their personal property in an equitable fashion. The court reserves jurisdiction to decide any outstanding issues.
12. The defendant is awarded all the frequent flier miles he has earned. CT Page 2212
13. The defendant shall maintain medical and dental insurance coverage for the children during their minorities. All unreimbursed medical and dental expenses shall be shared equally by the parties. Section 46b-84d of the Connecticut General Statutes shall apply.
14. The defendant shall cooperate with the plaintiff to enable the plaintiff to receive COBRA benefits under the defendant's existing medical insurance plan. The costs of said coverage shall be the responsibility of the plaintiff.
15. The defendant shall name the plaintiff as beneficiary of a life insurance policy in the amount of six hundred thousand ($600,000.00) dollars as long as he is required to pay alimony or child support.
16. The defendant shall be solely responsible for any outstanding tax liability arising out of the 1993 and 1994 tax obligations for which the parties will file joint returns. The defendant shall receive any tax refunds due for those years.
17. The plaintiff shall receive the dependency exemption for Julianne, and the defendant for Michael.
18. The defendant shall pay to the plaintiff the sum of ten thousand ($10,000.00) dollars as a contribution towards the plaintiff's legal fees. The court finds that a total denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered.
Judgment may enter accordingly.
NOVACK, J.